IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JALEN WEBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: |
| v. ) | |
| ) | JURY DEMAND |
| KAPPA SIGMA FRATERNITY aka ) | |
| KAPPA SIGMA INTERNATIONAL ) | |
| FRATERNITY, KAPPA IOTA ) | |
| at MIDDLE TENNESSEE/KAPPA ) | |
| SIGMA HOUSING CORPORATION, ) | |
| WILLIAM THOMAS COLE LUKENS, ) | |
| CONNOR JACKSON CRESS, ) | |
| JOSHUA M. RAMAEKERS, ) | |
| BENJAMIN SCOTT MILLER, ) | |
| CONNOR WHITE, ) | |
| HUNTER LINDSAY GRAND, ) | |
| KENNETH EVANS, ) | |
| ADRIAN ALEXANDAR MENDOZA, ) | |
| STEPHEN NICHOLAS DONAGHEY ) | |
| And CALEB PERKINS ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

**COMES NOW**, Plaintiff, Jalen Webb, by and through his attorney of record, Phillip S. Georges, PLLC by Attorney Phillip S. Georges and in accordance with Fed. R. Civ. P. 8, files this Complaint.

### PARTIES

1. Plaintiff Jalen Webb (hereinafter "Plaintiff") is a resident and citizen of the State of Colorado. Process can be served to Plaintiff Webb by and through his attorney of record.

2. Defendant Kappa Sigma Fraternity aka Kappa Sigma International Fraternity (hereinafter "Kappa Sigma Fraternity") was always the parent organization of the local Defendant chapter Kappa IOTA at Middle Tennessee/Kappa Sigma Housing Corporation and material hereto maintain its headquarters in the State of Virginia with a principal place of business located at 1610 Scottsville Rd., Charlottesville, VA 22902 and service may be made upon the Executive Director, Mitchell B. Wilson at 1610 Scottsville Rd., Charlottesville, VA 22902.

3. Defendant, Kappa Iota at Middle Tennessee/Kappa Sigma Housing Corporation (hereinafter "Kappa Iota") was the local chapter operating the Kappa Sigma Fraternity at Middle Tennessee State University in Murfreesboro, Tennessee and has a principal place of business located at 1003 N. Maple Street, Murfreesboro, TN 37130 and service may be made upon the Registered Agent, Nicholas W. Utter, 105 1st Avenue S, Lewisburg, TN 37091.

4. Defendant, William Thomas Cole Lukens is a resident and citizen of the State of Tennessee. He is named both individually and in his capacity as a member of Kappa Sigma Fraternity and Kappa Iota at Middle Tennessee/Kappa Sigma Housing Corporation. Service may be made upon him at his residence of 1077 Brinkley Rd., Murfreesboro, TN 37128.

5. Defendant, Connor Jackson Cress is a resident and citizen of the State of Tennessee. He is named both individually and in his capacity as a member of Kappa Sigma Fraternity and Kappa Iota at Middle Tennessee/Kappa Sigma Housing Corporation. Service may be made upon him at his residence of 1911 Shady Hollow Ln., Knoxville, TN 37922.

6. Defendant, Josh M. Ramaekers is a resident and citizen of the State of Georgia. He is named both individually and in his capacity as a member of Kappa Sigma Fraternity and Kappa Iota at Middle Tennessee/Kappa Sigma Housing Corporation. Service may be made upon him at 9140 Beaver Trail, Gainesville, GA 30506.

7. Defendant, Benjamin Miller is a resident and citizen of the State of Tennessee. He is named both individually and in his capacity as a member of Kappa Sigma Fraternity and Kappa Iota at Middle Tennessee/Kappa Sigma Housing Corporation. Service may be made upon him at 1320 Journey Dr., Apt. 413, Murfreesboro, TN 37130.

8. Defendant, Connor White is a resident and citizen of the State of Tennessee. He is named both individually and in his capacity as a member of Kappa Sigma Fraternity and Kappa Iota at Middle Tennessee/Kappa Sigma Housing Corporation. Service may be made at an address to be determined.

9. Defendant, Hunter Lindsay Grand is a resident and citizen of the State of Florida. He is named both individually and in his capacity as a member of Kappa Sigma Fraternity and Kappa Iota at Middle Tennessee/Kappa Sigma Housing Corporation. Service may be made upon him at 2310 NW 62nd Ave., Hollywood, FL 33024.

10. Defendant Kenneth Evans is a resident and citizen of the State of Tennessee. He is named both individually and in his capacity as a member of Kappa Sigma Fraternity and Kappa Iota at Middle Tennessee/Kappa Sigma Housing Corporation. Service may be made at an address to be determined.

11. Defendant Adrian Alexander Mendoza is a resident and citizen of the State of Tennessee. He is named both individually and in his capacity as a member of Kappa Sigma Fraternity and Kappa Iota at Middle Tennessee/Kappa Sigma Housing Corporation. Service may be made upon him at 906 Hampstead Ln., Murfreesboro, TN 37129.

12. Defendant Stephen Nicholas Donaghey is a resident and citizen of the State of Tennessee. He is named both individually and in his capacity as a member of Kappa Sigma Fraternity and

Kappa Iota at Middle Tennessee/Kappa Sigma Housing Corporation. Service may be made upon him at 1409 Bradberry Dr., Murfreesboro, TN 37130.

13. Defendant Caleb Perkins is a resident and citizen of the State of Tennessee. He is named both individually and in his capacity as a member of Kappa Sigma Fraternity and Kappa Iota at Middle Tennessee/Kappa Sigma Housing Corporation. Service may be made upon him at 1011 Newberry Dr., Murfreesboro, TN 37130.

## JURISDICTION AND VENUE

14. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through thirteen (13) with the same force and effect as though fully set forth herein.

15. Plaintiff, Jalen Webb, brings his complaint under federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

16. This complaint was filed within the applicable statute of limitations as they alleged harms began on October 14, 2021.

17. Venue is proper in this Judicial District as the acts and omissions complained of occurred in this district.

## FACTUAL ALLEGATIONS

18. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through seventeen (17) with the same force and effect as though fully set forth herein.

19. On or about October 14, 2021, the Plaintiff was a pledge of Kappa Iota of Sigma Kappa Fraternity.

20. Plaintiff was one of two black pledges in the Kappa Iota.

21. The Kappa Iota brothers in charge and overseeing the activities of rush and pledge ship were all white.

22. Beginning on or about October 14, 2021, and continuing through to the expulsion of the chapter, the fraternity brothers responsible for oversight of Sigma Iota subjected Plaintiff to racial discrimination.

23. Beginning on or about October 14, 2021, and continuing through to the expulsion of the chapter, the fraternity brothers responsible for oversight of Sigma Iota subjected Plaintiff to being called "Nigger".

24. Beginning on or about October 14, 2021, and continuing through to the expulsion of the chapter, the fraternity brothers responsible for oversight of Sigma Iota demeaned Plaintiff as a person and treated him as less than equal.

25. Beginning on or about October 14, 2021, and continuing through to the expulsion of the chapter, the fraternity brothers responsible for oversight of Sigma Iota threatened Plaintiff with bodily harm to include kidnapping and hanging.

26. Beginning on or about October 14, 2021, and continuing through to the expulsion of the chapter, the fraternity brothers responsible for oversight of Sigma Iota subjected Plaintiff to intense hazing, up to and including kidnapping, bounding, punishment by throwing things on pledges, the playing of "slave music" (i.e. old slave chants and ante bellum field hand music), abuse with alcohol and other hazing activities.

27. Some specifics and bad actors, not intended to be exhaustive of all conduct were as follows:

    a. The former President of the chapter, Defendant William Thomas Cole Lukens called the Plaintiff "Nigger" to the his face;

    b. Defendant Conner Cress sent a lynching meme;

c. Defendant Joshua M. Ramaekers said "Nigga" to the Plaintiff's face;

d. Defendant Ben Miller regularly used racial slurs and played slave music around the Plaintiff;

e. Defendant Connor White used racial slurs and voted in favor of kidnapping the Plaintiff;

f. Defendant Hunter Grand discussed the KKK, and when Plaintiff told him that that racial slurs made him and the other black member uncomfortable, his response was "respect our culture" and "you know what type of frat you joined".

g. Defendant Kenneth Evans claimed he could use racial slurs because he served in the military and brought up using rope when threating to kidnap the Plaintiff:

h. Defendant Adrian Mendoza brought the motion to kidnap the Plaintiff;

i. Defendant Caleb Perkins regularly used racial slurs;

28. Based on the foregoing, a systemic problem with racism, discrimination, insensitivity, and hazing existed at the Kappa Iota and Sigma Kappa Fraternity.

29. That a complete absence of leadership, training and oversight existed at Kappa Iota and Sigma Kappa Fraternity amongst the chapter officers, members, alumni and executive leadership.

30. That Defendants, Kappa Iota and Sigma Kappa Fraternity, did not have any adult alumni supervision nor oversight, failed to implement proper training and rules of safety, disregarded the rules of Middle Tennessee State University and allowed the students to run the operations and safety of the Plaintiff and other pledges without training or supervision.

31. That Defendants, Kappa Iota and Kappa Sigma Fraternity, did not have any adult alumni supervision nor oversight of its chapter, disregarded the rules of Middle Tennessee State

6

Case 3:22-cv-00808    Document 1    Filed 10/12/22    Page 6 of 9 PageID #: 6

University and allowed the students to run the operations and safety of the Plaintiff and other pledges without training or supervision.

32. That Defendants, Kappa Iota and Kappa Sigma Fraternity, fostered a culture of racism and cultural degradation, reckless conduct and hazing.

33. That the Defendants, Kappa Iota Chapter and Kappa Sigma Fraternity, are responsible for the acts of their members.

34. That as a result of the reprehensible conduct as set forth, Kappa Iota and Kappa Sigma Fraternity was expelled from Middle State Tennessee University and their charter revoked.

## COUNT I
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

35. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through thirty-four (34) with the same force and effect as though fully set forth herein.

36. As a result of the foregoing stated acts by the Defendants collectively, the Defendants actions constituted an ongoing injury producing event.

37. That as a result of the foregoing acts and injury producing events the Plaintiff suffered emotional distress, mental anguish, anxiety, fear, degradation, humiliation and depression; forcing the Plaintiff to not only leave the university but the State of Tennessee.

## Count II
## Intentional Infliction of Emotional Distress

38. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through thirty-seven (37) with the same force and effect as though fully set forth herein.

39. As a result of the foregoing stated acts by the Defendants collectively, the Defendants actions constituted intentionally and/or reckless extreme and outrageous conduct of racism, assault and abuse amongst other things which caused serious emotional harm.

40. That as a result of the foregoing acts and injury producing events the Plaintiff suffered emotional distress, mental anguish, anxiety, fear, degradation, humiliation and depression; forcing the Plaintiff to not only leave the university but the State of Tennessee.

**Count III**
**Assault**

41. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through forty (40) with the same force and effect as though fully set forth herein.

42. As a result of the foregoing stated acts by the intentional and/or reckless acts of the Defendants, Defendants caused the Plaintiff to reasonably fear bodily harm.

43. That as a result of the foregoing acts the Plaintiff suffered emotional distress, mental anguish, anxiety, fear, degradation, humiliation and depression; forcing the Plaintiff to not only leave the university but the State of Tennessee.

**Count IV**
**Negligence**

44. Plaintiff repeats and re-alleges each and every allegation set forth above in paragraphs one (1) through forty-three (43) with the same force and effect as though fully set forth herein.

45. As a result of the foregoing stated acts by the Defendants, the Defendants breached their duty to keep Plaintiff safe and free from harm.

46. The breach of the duty to Plaintiff occurred as a result of the individual and collective acts of the members.

47. The breach of duty to the Plaintiff also occurred by the failure to oversee, train and advise by all of the Defendants individually and collectively.

48. As a result of the foregoing acts the Plaintiff suffered emotional distress, mental anguish, anxiety, fear, degradation, humiliation and depression; forcing the Plaintiff to not only leave the university but the State of Tennessee.

**WHERFORE**, Plaintiff prays for the following relief:

1. The process and summons issue, as provide by law, requiring Defendants to appear and Answer Plaintiff's Complaint;

2. That service be had upon Defendants as provided by law;

3. That the Court award and enter a judgment in favor of the Plaintiffs and against the Defendants for compensatory and special damages in an amount that will fully compensate the Plaintiff;

4. Monetary awards provided to Plaintiff in the sum of Five million dollars ($5,000,000.00);

5. For punitive damages sufficient to punish Defendants for their egregious conduct and to deter Defendants and others from repeating such atrocities in an amount of Ten Million dollars ($10,000,000.00);

6. For the costs of litigating this case;

7. Plaintiff respectfully demands a jury of twelve (12) and reserves the right to amend this Complaint to conform to evidence as it develops;

8. All other relief, legal or equitable, that this Honorable Court deems just and proper.

Respectfully submitted on the 11th day of October 2022.

Electronically signed by:

/s/ Phillip S. Georges

Phillip S. Georges, Esq. BPR 038360
*Attorney for Plaintiff*
2303 21st Avenue South, Suite 204
Nashville, Tennessee 37212
P: (615) 486-4115 x.700
F: (615) 576-8668
Email: phil@wolfpacklawyers.com